UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CARL ADKINS**                                                                                **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 5:25-CV-P61-JHM**

**BENJAMIN ALEXANDER et al.**                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Carl Adkins, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, some claims will be dismissed, while others will be allowed to proceed.

### I. STATEMENT OF CLAIMS

Plaintiff, an inmate at the Kentucky State Penitentiary (KSP), sues Sergeants Benjamin Alexander, Alison Vasseur, Megan Stroud, and Shaye Caldwell; John Doe; Unit Administrator (UA) James Ward; and Lieutenant Hunter McPherson in their individual capacities. He also sues Captain Shane Spurlock, Correctional Officer (CO) Devon Canup, Nurse M. Peek, and Warden Laura Plappert in their official and individual capacities.

Plaintiff alleges that on April 11, 2024, Seargent Vasseur denied him "hygienic materials" and tased him while he was in the shower. According to Plaintiff, Seargent Vasseur then accused Plaintiff of resisting, prompting Lieutenant McPherson to force his knees into Plaintiff's chest, which caused Plaintiff's finger to dislocate.

According to the complaint, on April 16, 2024, Plaintiff requested to see an orthopedic specialist for his injury, but Nurse Peek denied his request in deliberate indifference to his serious

medical need. The complaint, which was signed months later, states that Plaintiff's finger is still swollen and in pain.

Plaintiff next alleges that on July 23, 2024, UA Ward and Captain Spurlock "separated Plaintiff from his legal materials causing [him] to be without the means to respond to court orders efficiently."

Plaintiff also states that later that day Doe sprayed him with OC spray without "need or provocation."

Plaintiff alleges that on August 2, 2024, he spoke with UA Ward, who told him he was too busy to get Plaintiff's legal materials. On August 5, 2024, Plaintiff could not contact Warden Plappert because she failed to make her weekly rounds as required by policy. He wrote her a letter explaining his urgent need for his legal work in order to comply with court orders, but she refused to remedy the problem. Plaintiff alleges that Warden Plappert's failure to intervene to provide him his legal materials violated his right to access the courts. He also wrote to Seargent Stroud about his legal materials, but she ignored his inquiry, which, according to Plaintiff, also violated his right to access the courts.

Plaintiff next alleges that on December 29, 2024, Seargent Caldwell and CO Canup approached his cell, then deployed two bursts of OC spray at Plaintiff while he was relieving himself on the toilet without need or provocation.

Finally, the complaint alleges that on February 11, 2025, Plaintiff wrote to Warden Plappert complaining about the lack of sanitary and hygiene materials, but she ignored his letter. Plaintiff alleges that Warden Plappert's and Seargent Vasseur's failure to provide him with hygiene items denied him a basic human need.

As relief, Plaintiff requests compensatory and punitive damages and "adequate hygiene/sanitary/medical."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Official-capacity claims

Plaintiff sues Captain Spurlock, CO Canup, and Warden Plappert in their official capacities. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an

3

entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). A state, its agencies, and state officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its agencies, and state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, the official-capacity claims against these Defendants, employees of the Commonwealth of Kentucky, for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

The Court will, therefore, dismiss Plaintiff's claims for monetary relief against Captain Spurlock, CO Canup, and Warden Plappert.

Nurse Peek would appear to be an employee of the medical provider for KSP. Municipal-liability analysis applies to § 1983 claims against a private corporation contracting to provide medical services. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.") (quoting *Harvey v. Harvey*, 949 F. 2d 1127, 1129 (11th Cir. 1992)). WellPath cannot be held liable on the basis of *respondeat superior*, or the right to control employees, for the actions of its employees. *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001); *Ruley v. S. Health Partners*, No. 4:10-CV-P34-M, 2011 WL 2214998, at *4 (W.D. Ky. June 6, 2011). Instead, liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training." *Street*, 102 F.3d at 817; *see also Starcher*, 7 F. App'x at 465 ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

Because Plaintiff has not alleged the existence of a corporate custom or policy responsible for the alleged constitutional violations, the Court will dismiss the official-capacity claims against Nurse Peek.

### B. Individual-capacity claims

#### *1. Excessive force*

Plaintiff alleges that Seargent Vasseur's and Lieutenant McPherson's use of force while he was in the shower without need or provocation and their failure to intervene to protect Plaintiff from each other was done maliciously and sadistically in violation of the Eighth Amendment. He also alleges that Doe's use of force when he sprayed him with OC spray on one occasion was done maliciously and sadistically in violation of the Eighth Amendment and constituted assault under Kentucky state law. Plaintiff further alleges that Sergeant Caldwell and CO Canup's use of force in spraying him with OC spray while he was on the toilet and their failure to intervene to protect Plaintiff from each other was done maliciously and sadistically in violation of the Eighth Amendment.

Accepting Plaintiff's allegations as true, Plaintiff alleges that these Defendants' use of force was gratuitous, and prisoners have a right to be free from the gratuitous infliction of force. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated[,] . . . whether or not significant injury is evident.") (internal citation omitted)); *Clay v. Coy*, No. 12-10140, 2013 WL 1278396, at *5 (E.D. Mich. Feb. 25, 2013) (noting that a prisoner has the right "to be free from gratuitous violence that does not further a legitimate penological interest"), *report and recommendation adopted*, 2013 WL 1278496 (E.D. Mich. Mar. 26, 2013). The Court will allow Plaintiff's Eighth Amendment claims against Seargent Vasseur, Lieutenant McPherson, Doe,

Seargent Caldwell, and CO Canup to continue. His assault and battery claim against Doe will also continue.

### 2. Deliberate indifference

Plaintiff alleges that Nurse Peek's failure to provide follow-up examination and treatment for his dislocated finger, which continued to be swollen and painful months later, constituted deliberate indifference to his serious medical need. Assuming for purposes of this initial review that Plaintiff's dislocated finger constitutes a serious medical need, the Court will allow this claim to continue. *See, e.g.*, *Duncan v. Wang*, No. 1:13-CV-01153-AWI, 2014 WL 109129, at *3 (E.D. Cal. Jan. 9, 2014) ("Plaintiff's dislocated, painful finger constitutes a serious medical need."); *Davis v. Gripentrog*, No. 18-CV-91-SLC, 2020 WL 416717, at *5 (W.D. Wis. Jan. 27, 2020) ("a broad range of medical conditions may be sufficient to meet the objective prong of a deliberate indifference claim, including a dislocated finger") (citation omitted); *Roe v. Elyea*, 631 F.3d 843, 861 (7th Cir. 2011) (a dislocated finger may qualify as a serious medical need).

### 3. Conditions of confinement

Plaintiff alleges that on April 11, 2024, Seargent Vasseur denied him "hygienic materials" and that his February 11, 2025, letter complaining about the lack of sanitary and hygiene materials was ignored by Warden Plappert.

To prevail on an Eighth Amendment conditions-of-confinement claim, a prisoner must show: (1) an objective component that he experienced serious deprivations that denied him "'the minimal civilized measure of life's necessities,'" *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); and (2) that prison officials "acted wantonly, with deliberate indifference to the [prisoner's] serious needs." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[E]xtreme deprivations are required to make out a

conditions-of-confinement claim." *Hudson*, 503 U.S. at 9. Life's necessities include essential food, medical care, and sanitation. *Graves v. Tenn. Dep't of Corr.*, No. 2:22-CV-02078-SHM-TMP, 2024 WL 6048896, at *3 (W.D. Tenn. Mar. 29, 2024) (citing *Rhodes*, 450 F. App'x at 455).

To satisfy the objective component, Plaintiff must show that the denial of proper hygiene elements was "sufficiently serious," *i.e.*, that his conditions posed a "substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Here, Plaintiff has not alleged actual harm, or a risk of serious harm, by the conditions in question. *See, e.g., Benjamin v. Fraser*, 343 F.3d 35, 51 n.17 (2d Cir. 2003) ("To establish the deprivation of a basic human need . . . an inmate must show 'actual or imminent harm.'") (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)).

Plaintiff's allegations also fail to satisfy the subjective prong. To satisfy the subjective component, Plaintiff must show that Defendants had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* This standard requires that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The one-time denial by Seargent Vasseur and the failure to respond to a letter requesting hygiene materials by Warden Plappert fail to meet this standard. The Court will dismiss this claim.

### *4. Access to courts*

Plaintiff alleges that UA Ward and Seargent Stroud's failure to provide his legal materials denied him access to the courts in violation of the First Amendment. He likewise alleges that Warden Plappert's failure to intervene to provide his legal materials violated his right to access the courts.

7

The Court concludes that Plaintiff has failed to state a claim against UA Ward, Seargent Stroud, and Warden Plappert based upon his inability to access his legal resources. Although prisoners have a constitutional right of meaningful access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Lewis v. Casey*, 518 U.S. 343, 350 (1996), to state a viable claim for denial of access to the courts, a prisoner must demonstrate he suffered "actual injury" as a result of particular actions of prison officials. *Lewis*, 518 U.S. at 351. Actual injury requires a showing that a legal claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show that the impediment "caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"). Also, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Here, Plaintiff does not describe the underlying court case or allege that he has suffered any legal injury in a court case due to the actions of UA Ward, Seargent Stroud, and Warden Plappert. As such, Plaintiff's claims related to his inability to access his legal materials against these Defendants will also be dismissed.

### 5. *Sergeant Alexander*

The complaint makes no allegations against Sergeant Alexander. If a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims because the complaint did not "allege with any degree of specificity which of the named defendants were personally involved in or

responsible for each" alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant). Consequently, Sergeant Alexander will be dismissed from this lawsuit.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's official-capacity claims against Defendants Canup, Spurlock, Plappert, and Peek; his conditions of confinement claims, his access-to-court claims, and his claim against Alexander are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) and for seeking monetary relief from Defendants who are immune from such relief pursuant to 28 U.S.C. § 1915A(b)(2).

Plaintiff's individual-capacity Eighth Amendment excessive-force claims against Defendants Vasseur, McPherson, Doe, Caldwell, and Canup; his individual-capacity deliberate-indifference claim against Defendant Peek; and his state-law assault and battery claim against Defendant Doe will continue. In allowing these claims to continue, the Court expresses no opinion on their ultimate merit.

**The Clerk of Court is DIRECTED to terminate Benjamin Alexander, Megan Stroud, Shane Spurlock, Laura Plappert, and James Ward** as parties to this action.

The Court will enter a Service and Scheduling Order to govern the development of the remaining claims.

Date: February 9, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009

9