**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

CARL ADKINS                                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:25-CV-P61-JHM

BENJAMIN ALEXANDER et al.                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Plaintiff Carl Adkins's motion for extension of time (DN 10), motion for leave to amend the complaint (DN 17), and motion for a temporary restraining order (TRO) and preliminary injunction (PI) (DN 20), which also requests appointment of counsel.

## I. MOTION FOR EXTENSION OF TIME (DN 10)

Plaintiff moved to extend the Court's September 22, 2025, deadline for filing a certified copy of his prison trust account. However, he then timely filed the certified copy. Consequently,

**IT IS ORDERED** that his motion for extension (DN 10) is **DENIED as moot**.

## II. MOTION FOR LEAVE TO AMEND (DN 17)

On initial review of the complaint (DN 1), the Court dismissed Plaintiff's access-to-courts claims (DN 13). The complaint alleged that on July 23, 2024, Unit Administrator James Ward and Captain Shane Spurlock "separated Plaintiff from his legal materials causing [him] to be without the means to respond to court orders *efficiently*." (Emphasis added). He further alleged that on August 2, 2024, he spoke with Ward, who told him he was too busy to get Plaintiff's legal materials and that on August 5, 2024, Plaintiff could not contact Warden Laura Plappert because she failed to make her weekly rounds. He stated that he wrote her a letter explaining his urgent need for his legal work in order to comply with court orders, but, according to Plaintiff, she refused to remedy the problem. Plaintiff alleged that Plappert's failure to intervene to provide him his legal materials

violated his right to access the courts.  He also wrote to Seargent Megan Stroud about his legal materials, but she ignored his inquiry, which, according to Plaintiff, also violated his right to access the courts.

The Court concluded that Plaintiff failed to state a First Amendment access-to-courts claim against Ward, Spurlock, Stroud, and Plappert based on his inability to access his legal materials. Although prisoners have a constitutional right of meaningful access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Lewis v. Casey*, 518 U.S. 343, 350 (1996), to state a viable claim for denial of access to the courts, a prisoner must demonstrate he suffered "actual injury" as a result of particular actions of prison officials.  *Lewis*, 518 U.S. at 351.  Actual injury requires a showing that a legal claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented."  *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show that the impediment "caused such actual injury as the late filing of a court document or the dismissal *of an otherwise meritorious claim*") (emphasis added).  Also, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Because Plaintiff did not describe the underlying court case or allege that he suffered any legal injury in a case due to the actions of Ward, Spurlock, Stroud, and Plappert, and the Court dismissed his claims related to his inability to access his legal materials against these Defendants.

Plaintiff has now filed a motion for leave to file an amended complaint (DN 17) and a proposed amended complaint (DN 17-1).  Although motions to amend a complaint are "freely" granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), "a district court should deny a motion to amend where the proposed amended complaint could not withstand a Fed. R. Civ. P. 12(b)(6)

2

motion." *Massingill v. Ohio Adult Parole Auth.,* 28 F. App'x 510, 511 (6th Cir. 2002) (citation omitted).  In other words, "[a] district court may deny a plaintiff leave to amend his or her complaint . . . when the proposed amendment would be futile." *Kottmyer v. Maas,* 436 F.3d 684, 692 (6th Cir. 2006).

Plaintiff's motion states that he did, in fact, suffer an injury as set forth in *Lewis v. Casey* due to the actions of Ward, Stroud, Plappert, and Spurlock.  He alleges that as a result of their actions, summary judgment was entered against him on September 24, 2024, in a case in the Eastern District of Kentucky, *Adkins v. Robinson*, 0:22-cv-8, "where the Court held, in relevant part," that Plaintiff did not file objections to the Magistrate Judge's Report and Recommendation, and that parties who fail to object to a Report and Recommendation are barred from appealing a district court's order adopting that Report and Recommendation.

Plaintiff does not allege, however, that the lack of availability of his unspecified legal materials[1] resulted in his not filing objections *timely* (or at all) or prevented him from filing a motion to extend the objection period.  *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) ("Examples of actual prejudice to pending or contemplated litigation include . . .  missing a court-imposed deadline.").

And, once again, Plaintiff does not describe "the underlying cause of action." *Christopher v. Harbury*, 536 U.S. at 415.  "[T]he predicate claim [to an access-to-court claim] *must be described well enough* to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope. . . .  [O]nly prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson,* 182 F.3d 400, 405–406 (6th Cir. 1999) (cleaned up, internal quotation marks and citation omitted, emphasis added).  Plaintiff's

---

[1] Neither the complaint nor the motion for leave to amend and its proposed amended complaint explain what the "legal materials" were that Plaintiff was separated from or why they were necessary to respond "efficiently."

3

failure to describe the underlying claim dooms his effort to reinstate his access-to-court claims even with his additional facts.

Finally, even were the Court to view the record of the Eastern District case that Plaintiff references, which the Court has done, Plaintiff's motion to amend the complaint must be denied.

The decision of the District Court for the Eastern District of Kentucky adopting the Magistrate Judge's Recommendation to grant one Defendant's (Defendant Noble) motion for summary judgment observed that, generally, it must make a *de novo* determination of those portions of a recommended disposition to which objections are made. *Adkins v. Robinson*, No. 0:22-CV-00008-GFVT-EBA, 2024 WL 4175101, at *2 (E.D. Ky. Sept. 12, 2024). The court also noted that because Plaintiff did not file objections, it was not required to conduct a review under any standard; and parties who fail to object are also barred from appealing. *Id*. Regardless, the court considered the record and agreed with the Magistrate Judge's recommendation. *Id*.

In *Adkins v. Robinson*, Plaintiff had alleged a First Amendment retaliation claim and an Eighth Amendment deliberate indifference claim. Regarding Plaintiff's claim that Defendant Noble had retaliated against him, the Magistrate Judge found that Plaintiff had failed to allege sufficient facts to "establish a causal connection between the protected activity and alleged adverse action," in that he "failed to show evidence that he no longer received [certain] medication *because of* Noble." *Id.* at *1. Instead, Plaintiff's "mere conclusory allegations that Noble caused him to no longer receive his Zanaflex prescription after that prescription undisputedly expired was insufficient to create a dispute of material fact. *Id*.

Next, the Eastern District of Kentucky discussed the Report and Recommendation as follows:

> [The Magistrate Judge] found that Mr. Adkins' Eighth Amendment claim against Defendant Noble should be dismissed on the merits. . . .

4

First, [the Magistrate Judge] determined that Mr. Adkins' deliberate indifference claim against Defendant Noble fails as a matter of law. [The Magistrate Judge] found that he fails to establish the objective prong because "Adkins does not dispute that he received alternative medical care regarding his chronic foot pain, . . . [and] did not provide evidence establishing that the course of treatment he received was inadequate.

Second, [the Magistrate Judge] found that Mr. Adkins fails to establish the subjective component against Defendant Noble because "the undisputed facts, at most, indicate that Noble acted with negligence by failing to respond to [Adkins] medical questions" [and] mere negligence cannot sustain an Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("An inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain.'").

*Id.* Plaintiff identifies no evidence or argument he could have produced or made that would have changed the district judge's conclusions had he had his legal materials. [2]

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to amend (DN 17) is **DENIED**.

### III. PI/TRO MOTION (DN 20)

Plaintiff's motion states that he has been told that he would not be allowed access to legal documents in this Court because they are not "'criminal actions'" and is being denied stationery items despite having insufficient funds to purchase them. He also asserts that he would not be allowed to use the law library on prison issued tablets. He asserts that these denials are "contrary to prison regulation."

Plaintiff further argues that because he has moved for leave to amend "and put forth sufficient factual claims against Ward, Stroud, Plappert, and Spurlock," he has shown success on the merits of his access-to-court claim. He therefore requests a hearing regarding his request for a

---

[2] The Eastern District court's decision on September 12, 2024, did not dismiss the entire case; in fact, it is still ongoing. The Court notes that a review of the record in that case reveals that Plaintiff did not file a motion to extend the time for filing his objections or for reconsideration of the Court's grant of summary judgment to Defendant Noble. And he offers no explanation why not.

TRO.  In the alternative, he requests the Court to appoint counsel for him to assist him with complying with the Court's Scheduling Order in this case.

Under Rule 65, the Court may only issue a temporary restraining order without notice to the opposing party if certain conditions are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  Plaintiff fails to certify any efforts made to give notice to Defendants prior to filing the motion and fails to articulate a sufficient reason why such notice should not be required.

Additionally, both a preliminary injunction and a TRO are extraordinary remedies "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  "The same standard generally applies to the issuance of temporary restraining orders and preliminary injunctions." *Midwest Retailer Associated, Ltd. v. City of Toledo*, 563 F. Supp. 2d 796, 802 (N.D. Ohio 2008).  The Court must balance four factors in deciding whether to issue a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emp. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (internal quotation marks and citation omitted).  The four preliminary injunction factors are "factors to be balanced, not prerequisites that must be met." *Six Clinics Holding Corp., II v. Cafcomp Sys.*, 119 F.3d 393, 400 (6th Cir. 1997).

Because "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981), the "'party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d. 470, 471 (8th Cir. 1994)). Here, because the Court has denied Plaintiff's motion to amend, he does not have an access-to-court claim against Ward, Stroud, Plappert, and Spurlock, who are no longer Defendants in this action. Thus, Plaintiff cannot demonstrate the necessary "relationship between the injury claimed in [his] motion and the conduct asserted in the complaint," *Colvin*, 605 F.3d at 300; *Devose*, 42 F.3d at 471 (holding that "new assertions" of retaliation and mistreatment "cannot provide the basis for a preliminary injunction"), and he cannot show that he would be successful on the merits.

Additionally, Plaintiff's allegation that he would not be allowed to access legal documents in this Court because they are not "'criminal actions'" is vague and speculative; it does not specify that Plaintiff will be seeking documents *in this case*. He claims that he is being denied stationery items despite having insufficient funds to purchase them, but points to no examples *in this case*. A review of this Court's docket reveals that Plaintiff currently has three other open cases here, *Adkins v. Denny*, 5:24-cv-71-JHM; *Adkins v. Crews*, 5:26-cv-42-JHM; and *Adkins v. Plappert*, 3:25-cv-798-JHM, and as set forth above, has at least one open case in the Eastern District of Kentucky. And, in fact, he has filed two motions in this action in the past four weeks. He also asserts that he would not be allowed to use the law library on prison issued tablets. But he does not allege that he will not be allowed to use the law library at all.

**IT IS ORDERED** that Plaintiff's motion for a TRO and preliminary injunction, along with his request for a hearing related to his request for a TRO, (DN 20) is **DENIED**.

### IV. REQUEST FOR APPOINTMENT OF COUNSEL (DN 20)

The appointment of counsel is not a constitutional right in a civil case. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Under 28 U.S.C. § 1915(e)(1),[3] court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g.*, *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Lavado*, 992 F.2d at 606 (citations omitted).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel, and a review of the documents filed by Plaintiff in this case reveals that he is sufficiently articulate and able to present his case to the Court. In fact, Plaintiff is experienced at proceeding *pro se*, given the, at least, four other open cases in federal district court he has currently, as well as his two previous cases he brought in this Court, which are now closed: *Adkins v. Lewis*, 4:18-cv-24-JHM, and *Adkins v. Peede*, 5:17-cv-33-TBR.

Moreover, Plaintiff does not show how his circumstances are different than other incarcerated plaintiffs. *See, e.g.*, *Stewart v. United States*, No. 2:13-cv-02896-STA-egb, 2017 WL

---

[3] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

939197, at *1 n.1 (W.D. Tenn. Mar. 7, 2017) (finding appointed counsel not warranted "on grounds that the issues in the case are 'too complex for him' and that he has 'extremely limited access to the law library,' is 'mentally ill,' 'does not have an education,' and has 'a limited knowledge of the law'. . . . Nothing distinguishes this case from the numerous other petitions filed by indigent prisoners and Petitioner has been able to proceed proficiently on his own at all stages of this litigation"); *Coates v. Kafczynski*, No. 2:05-CV-3, 2006 WL 416244, at *1 (W.D. Mich. Feb. 22, 2006) ("[T]here is nothing exceptional concerning [a prisoner's] incarceration or poverty that extraordinarily debilitates his ability to investigate crucial facts.  These are ordinary and routine impediments incident to prisoner litigation.").  For these reasons, the Court finds that Plaintiff has not set forth any exceptional circumstances warranting appointment of counsel at this time.

**IT IS ORDERED** that Plaintiff's request for appointment of counsel (DN 20) is **DENIED**.

Date:  March 17, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.009

9